**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODERICH BOTT, | No. 17-35546 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00636-MO |
| v. | |
| JEFFREY M. EDELSON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted Telephonically April 26, 2019
San Francisco, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and BURNS,[**] District
Judge.

Roderich Bott sued attorneys Robert McGaughey and Jeffrey Edelson and

the firm of Markowitz, Herbold, Glade & Mehlhaf, PC for legal malpractice,

breach of fiduciary duty, and breach of written and oral contracts. The district court

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Larry A. Burns, Chief United States District Judge for
the Southern District of California, sitting by designation.

granted summary judgment for the defendants based on a statute of limitations defense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the district court was sitting in diversity, it correctly applied state law in determining when claims accrue. *See Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 918 (9th Cir. 1985). In Oregon, a claim accrues when the facts giving rise to the claim are (or with the exercise of reasonable care could be) discovered. *Stevens v. Bispham*, 851 P.2d 556, 559 (Or. 1993). The district court accepted Bott's argument that a two-year statute of limitations applied, and that the limitations period was tolled by bankruptcy proceedings beginning May 1, 2014. Claims that accrued before May 1, 2012 are therefore time-barred.

The district court did not err in granting summary judgment because Bott failed to establish a triable issue of fact as to the accrual date. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Undisputed evidence before the district court established that Bott was aware before May 1, 2012 of facts showing harm, causation, and tortious conduct. *See Gaston v. Parsons*, 864 P.2d 1319, 1324–25 (Or. 1994). For example, at a hearing in March 2012, Bott heard McGaughey advocating claims on behalf of Eric Prentice, the LLC's co-owner, and against Bott. During the same hearing, Bott's own lawyer openly questioned McGaughey's loyalty to the LLC, and argued at length that he was improperly

2

serving as an advocate for Prentice to the LLC's detriment.

Bott maintains that he did not immediately realize that these facts gave rise to claims against the defendants. He points out that he did not discover the existence of a written joint interest agreement between Prentice and the defendants until January 15, 2013. But while the agreement helps to explain why the defendants behaved as they did, it does not alter the date Bott first became aware of the facts underlying his claims. Bott's knowledge of those facts was sufficient to satisfy Oregon's objective standard.

**AFFIRMED.**